UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LYNWOOD WILLIAMS**,

      **Petitioner**,

v.                                      **Case No. 8:02-CV-965-T-30MAP**

**Charles J. Crist, Jr.,[1] Attorney General of the State of Florida, and JAMES V. CROSBY, JR.,[2] Secretary, Florida Department of Corrections,**

      **Respondents**.

_____/

# O R D E R

THIS CAUSE comes before the Court upon Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed June 3, 2002, challenging his conviction and subsequent sentencing (Dkt. 1). Respondents have filed a response (Dkt. 11), and Petitioner has filed a reply thereto (Dkt. 12). Having reviewed the record, applicable statutes, and controlling case law, the Court finds that the petition is time barred, see 28 U.S.C. § 2244(d)(1), and should be **DISMISSED**. See Jackson v. Sec. for the Dep't of Corrs., 292 F.3d 1347, 1348-49 (11th Cir. 2002) (before addressing the merits of a state prisoner's request for federal habeas relief, a district court must determine whether the petition is barred

---

[1] Charles Crist, the current Florida Attorney General, is substituted as the proper party respondent for Robert Butterworth, pursuant to Fed.R.Civ.P. 25(d).

[2] James V. Crosby, Jr., the current Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for Michael W. Moore, pursuant to Fed.R.Civ.P. 25(d).

by the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996).

## I. FACTUAL BACKGROUND

On March 6, 1996, Petitioner was convicted in the Thirteenth Judicial Circuit Court for Hillsborough County, Florida, of first degree murder. On direct appeal, Petitioner's judgment of conviction was affirmed by the Second District Court of Appeal of Florida (hereinafter "Second DCA") on October 24, 1997 (Dkt. 11, Ex. 0010). See Williams v. State, 701 So.2d 878 (Fla. 2d DCA 1997). On May 13, 1998, Petitioner, through counsel, filed a motion seeking post conviction relief pursuant to Rule 3.850, Fla. R. Crim. P. Petitioner's motion was subsequently denied on February 17, 1999 (Dkt. 11, Ex. 0017 at 228-229). Pursuant to Rule 3.850(g), Petitioner had 30 days (March 19, 1999) in which to file an appeal of the state trial courts denial of his 3.850 motion. See Fla. R. Crim. P. 3.850(g) (2005). Petitioner, however, did not file his Notice of Appeal until March 22, 1999, three days after the deadline (Dkt. 11, Ex. 0017 at 256). On April 7, 1999, the Second DCA issued an order to show cause why Petitioner's appeal should not be dismissed as untimely (Dkt. 11, Ex. 0017 at 326). Petitioner filed a Response to said Order as well as a Motion for Belated Appeal on or about April 10, 1999, stating the late filing of the notice of appeal was due to a mistake by counsel. See id. On May 17, 1999, the Second DCA denied Petitioner's Motion for Belated Appeal (Dkt. 11, Ex. 0017 at 324).

On June 2, 1999, Petitioner filed an Amended Motion for Rehearing and Motion for Rehearing En Banc (Dkt. 11, Ex. 0017 at 327). On August 20, 1999, the Second DCA dismissed the appeal, but granted Petitioner's amended motion to the extent that it certified

a question[3] to the Florida Supreme Court. See Williams v. State of Florida, 763 So.2d 1069, 1070 (Fla. 1999). The Florida Supreme Court granted jurisdiction and answered the question in the negative, holding that Petitioner could pursue a belated appeal if the failure to timely file the Notice of Appeal was due to a mistake of counsel (Dkt. 11, Ex. 10). See Williams, 777 So.2d 947, 950 (Fla. 2d DCA 2000). In light of the Florida Supreme Court's ruling, Petitioner filed a Petition for Writ of Habeas on April 6, 2001(Dkt. 11, Ex. 0017 at 330). Petitioner's Petition was granted by the state trial court on April 9, 2001. See id.

Petitioner filed his Initial Brief appealing the trial court's denial of his Rule 3.850 application on June 20, 2001 (Dkt. 11, Ex. 11). The Second DCA affirmed the trial court's decision denying Petitioner's Rule 3.850 motion on February 22, 2002 (Dkt. 11, Ex. 14). Petitioner filed the instant Petition for Writ of Habeas on June 3, 2002 (Dkt. 1), over two years after his statutory limitation period had run.

## II.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA") created a new limitations period for petitions for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final

---

[3] "Does the holding of Lambrix v. State, 698 So.2d 247 (Fla. 1996), when considered in light of Florida's pronouncement in Steele v. Kehoe, 24 Fla. L. Weekly S237 (Fla. May 27, 1999), foreclose the provision of a belated appeal from the denial of a post conviction motion when the notice of appeal was not timely filed due to the ineffectiveness of counsel in the collateral proceeding?" Williams, 763 So.2d at 1070.

by the conclusion of direct review or the expiration of the time for seeking such review. . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, "[t]he time during which a ***properly filed application*** for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

    **A.**    *Petitioner's § 2254 claim is barred because his state Rule 3.850 motion was not "properly filed."*

While 28. U.S.C. § 2244(d)(2) tolls the 1-year statutory limitation period for the filing of a § 2254 Petition, the tolling provision is applicable only to *properly* filed applications. See id.   The limitation period for Petitioner filing of his § 2254 petition began running on January 22, 1998, 90 days after the Second DCA denied his direct appeal.

    Although Petitioner was convicted in 1995, the AEDPA provisions are applicable to his petition because it was filed after AEDPA's enactment date. In the instant case, Petitioner (Dkt. 1 at 3) and Respondent (Dkt. 14 at 3) agree that the appellate court's opinion affirming his conviction and sentence was entered on October 24, 1997. Thus, in light of the Eleventh Circuit's recent holding in Bond v. Moore, Petitioner's one-year limitations period did not begin to run until January 22, 1998. See Bond v. Moore, 309 F.3d 770 (11th Cir. 2002) (finding that "the limitations period did not begin to run until the 90-day window during which [the § 2254 petitioner] could have petitioned the United States Supreme Court for a writ of certiorari expired."); Sup. Ct. R. 13 ("A petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed . . . within 90 days after entry of the judgment. . . . or order sought to be

reviewed, and not from the issuance date of the mandate.").

Petitioner timely filed his Rule 3.850 motion on May 13, 1998, thereby tolling the 1 year limitation period provided under § 2244(d)(2). At the time Petitioner filed his Rule 3.850 motion, 111 days lapsed on his 1 year limitation period, meaning that as of May 13, 1998, Petitioner had 254 days remaining in which to timely file his federal habeas petition.

With the denial of Petitioner's Rule 3.850 motion, Petitioner had 30 days, or until March 19, 1999, in which to appeal the trial court's decision. Petitioner did not file a notice of appeal until March 22, 1999. As such, his appeal was untimely[4] and thus not "properly filed" within the meaning of § 2244. See Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005) (holding an untimely filed state court petition is not "properly filed" under § 2244). Accordingly, the 1-year limitation period again began to run on March 19, 1999, and ended on November 28, 1999. Any state application for post-conviction relief filed after this date had no tolling effect. See Tinker v. Moore, 255 F.3d 1331, 1333-36 (11th Cir. 2001) (finding that "a state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" (citation omitted)), *cert. denied* 534 U.S. 1144 (2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that even "properly filed" state-court petitions must be "pending" in order to toll the limitations period). Likewise, the Second DCA's April 9, 2001 decision allowing Petitioner to file a belated appeal, Williams, 777 So.2dd at 950, had no effect on the

---

[4] The fact that the Florida Supreme Court permitted Petitioner to file a belated notice of appeal is of no consequence, particularly in light of the fact that the court did not find that Petitioner's petition was not untimely, only that Petitioner was entitled to *file* an untimely petition. See Williams, 777 So.2d at 950.

expiration of the limitation period. See Moore v. Crosby, 321 F.3d 1377, 1380-81 (11th Cir. 2003) (finding that the petitioner's motion to file a belated appeal was not a "pending" application for state post-conviction relief for purposes of tolling under § 2244(d)). Thus, absent equitable tolling of the limitations period, Petitioner's instant petition is untimely.

**B.** *Petitioner is not entitled to equitable tolling for the period during which his untimely Rule 3.850 motion was pending in state court.*

An extension of time to file a habeas corpus petition is warranted only "where a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (citations omitted). See also Justice v. United States, 6 F.3d 1474, 1479 (11th Cir. 1993) (discussing equitable tolling). To the extent Petitioner asserted in the Rule 3.850 proceedings that the state court should accept a belated appeal because post-conviction counsel failed to file a timely notice of appeal, in this circuit, an attorney's failure to comply with the rules governing the filing of a document in a post-conviction proceeding does not warrant equitable tolling. See, e.g., Sandvik v. United States, 177 F.3d 1269 (11th Cir. 1999) (holding that attorney negligence will not warrant equitable tolling); Steed v. Head, 219 F.3d 1298 (11th Cir. 2000) (holding that attorney's miscalculation of the limitations period or mistake could not be the basis for equitable tolling); Helton v. Sec. for Dep't of Corrs., 259 F.3d 1310, 1312 (11th Cir. 2001) (rejecting petitioner's reliance upon counsel's mistaken calculation of limitations period because petitioner did not show due diligence in ascertaining the correct period).

This circuit has yet to decide whether there is an "actual innocence" exception to AEDPA's one-year statute of limitations. See id.; Wyzykowski v. Dep't of Corrs., 226 F.3d 1213, 1219 (11th Cir. 2000). Were "actual innocence" an exception to the application of the one-year limitations provisions of § 2244, the Court would still be precluded from granting Petitioner the relief he seeks. Where a federal habeas petition is procedurally barred, to prevail on a claim of "actual innocence," a petitioner must demonstrate that he has newly discovered evidence which, if presented at trial, would establish factual innocence rather than mere legal insufficiency. See Sawyer v. Whitley, 505 U.S. 333, 339 (1992) (citations omitted). See also Schulp v. Delo, 513 U.S. 298, 316 (1995) (citations omitted) (holding that "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."); High v. Head, 209 F.3d 1257, 1270 (11th Cir. 2000) (citation omitted). As pointed out in the Petition, Petitioner has never claimed that he was not the cause of his wife's death (Dkt. 1 at 9). He cannot, therefore present a colorable claim of actual factual innocence.

### III.  CONCLUSION

For the reasons set forth above, this Court finds that Petitioner's request for federal habeas relief must be denied because he failed to file his petition within the one-year statutory limitation period, and he has failed to establish exceptional circumstances which would warrant application of the equitable tolling doctrine. Petitioner can prove no set of facts in support of this claim which would entitle him to the relief he seeks in his petition.

**ACCORDINGLY**, it is **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED**. The Clerk of the Court shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 2, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel/Parties of Record