UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LYNWOOD WILLIAMS,

    Petitioner,

-vs-                                                             Case No.  8:02-CV-965-T-30MAP

JAMES R. MCDONOUGH[1], et al.,

    Respondents.
_____/

## **ORDER**

This matter comes before the Court for consideration of Petitioner's Notice of Appeal (Dkt. 32) of the June 13, 2007 decision (Dkt. 30) denying his petition for relief under 28 U.S.C. § 2254, and Petition for Certificate of Appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[2] and 28 U.S.C. §2253[3] (Dkt. 33). Petitioner has paid the appellate filing fee and costs.

---

[1] James McDonough, Secretary of the Florida Department of Corrections, is substituted as the proper party respondent for James V. Crosby, Jr., pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] "Certificate of Appealability.  (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, . . . the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  Rule 22, Fed. R. App. P.

[3] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).

While issuance of a COA does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Under the controlling standard for issuance of a certificate of appealability where a district court has rejected a Petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). To obtain a certificate of appealability when the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether (1) the petition states a valid claim of the denial of a constitutional right and (2) the district court was correct in its procedural ruling. *See Slack*, 529 U.S. at 484; *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

Petitioner seeks a COA as to Grounds One through Seven of his §2254 petition. Grounds Two, Three, and Five were denied based on a procedural default. Grounds One, Four, Six, and Seven were resolved on the merits.

**Grounds Two, Three, and Five**

This Court found that Grounds Two, Three, and Five were procedurally defaulted, as Petitioner abandoned these claims on appeal of his Rule 3.850 motion in state court, and did not show cause for his procedural default or that a miscarriage of justice will occur if the Court did not reach the merits of his claims. Petitioner's request for a COA as to Grounds Two, Three, and Five is denied.

Petitioner states that Grounds Two and Five were raised in his Rule 3.850 motion but summarily denied by the trial court. He argues that the filing of the appeal of the denial of his Rule 3.850 motion, itself, was sufficient to assert all issues which were summarily denied, and he was not required to raise these issues in his brief because Florida Rule of Appellate Procedure 9.141(b)(2)(c) provides that when a trial court summarily denies a Rule 3.850 motion, no brief is required to be filed on appeal. Petitioner cites to *Cortes v. Gladish*, 216 Fed. Appx. 897 (11th Cir.2007) for the proposition that a petitioner's decision to address only some of the summarily denied 3.850 issues in his appellate brief does not waive the remaining 3.850 issues which were summarily denied, nor does the decision render the remaining issues unexhausted for purposes of §2254.

The circumstances in *Cortes* are distinguishable from the instant action. In *Cortes* the Circuit Court noted that the state court had summarily denied the Rule 3.850 motion on the merits *without an evidentiary hearing*. *Id*. at *898 (emphasis added). Because there was no evidentiary hearing, Cortes was not required to file a brief. *Id*. at *899. The Circuit Court stated that Cortes's decision to file a brief and address only some of the issues did not waive the remaining issues raised in his Rule 3.850 motion. *Id*.; *citing Webb v. State*, 757 So.2d 608, 609 (Fla. 5th DCA 2000).

However, the Circuit Court specifically stated that "had Cortes received an evidentiary hearing, his failure to address issues in his appellate brief would constitute a waiver." *Id*. at 899-900. Petitioner did receive an evidentiary hearing on his Rule 3.850 motion. Therefore,

3

Petitioner was required to file a brief,[4] he did file a brief, and his failure to address Grounds Two and Five in his brief constitutes a waiver of those issues. *See, e.g., Coolen v. State*, 696 So.2d 738, 742 n.2 (Fla.1997)(failure to fully brief and argue points on appeal "constitutes a waiver of these claims"). Therefore, Grounds Two and Five are procedurally defaulted.

Petitioner next asserts that although Ground Three was procedurally defaulted, he demonstrated adequate cause for the default and actual prejudice. Petitioner maintains that Ground Three was not raised on appeal of the denial of his 3.850 motion because his attorney determined that the appellate court would not grant relief to him pursuant to that claim, and counsel did not want to distract the appellate court away from the other issues he did raise on appeal. Petitioner also asserts that he showed prejudice because "Issue Three of his 2254 Petition does present a meritorious claim."

In *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1987), the Supreme Court explained "that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id*. at 488, 106 S.Ct. at 2645. The Supreme Court held that attorney error constitutes cause for a procedural default only if counsel's performance is constitutionally ineffective under the standard established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Id. Counsel's strategic decision not pursue on appeal the claim in Ground Three is not a factor

---

[4] *See* Fla.R.App.P. 9.141(b)(3).

"external to the defense," nor does Petitioner establish that counsel was ineffective for failing to raise the claim on appeal. Accordingly, Petitioner does not establish adequate cause for his procedural default of Ground Three.

Petitioner has not shown that reasonable jurists would debate the correctness of the findings that Grounds Two, Three, and Five are procedurally defaulted, and no cause and prejudice exists to overcome the default.

**Grounds One, Four, Six, and Seven**

In his request for a COA as to Ground One and Seven, Petitioner argues that reasonable jurists could debate whether he was denied his Sixth Amendment right to effective assistance of counsel when trial counsel failed to properly object to the prosecutor's allegedly improper comments during closing argument, and could debate whether those comments so tainted the trial that Petitioner was deprived his due process rights to a fair trial. This Court cannot agree that reasonable jurists would find its resolution of these claims debatable or wrong. The Court found that the prosecutor's comments, when taken in context, did not go beyond the evidence or misstate the law or the facts regarding the evidence nor were they of such a nature as to destroy the fairness of the trial. "[A] proper argument cannot render the proceedings fundamentally unfair and therefore cannot be the basis for a constitutional violation." *Romaine v. Head*, 253 F.3d 1349, 1366 (11th Cir. 2001) (citing *Brooks v. Kemp*, 762 F.2d 1383, 1403 (11th Cir. 1985) (en banc) ("A permissible argument, no matter how 'prejudicial' or 'persuasive,' can never be unconstitutional.")). Because the

5

prosecutor's comments were not improper, they did not render the proceedings fundamentally unfair, and trial counsel's failure to object to them was not objectively unreasonable. Accordingly, reasonable jurists would not find this Court's determination that Petitioner failed to establish that the state courts' rejection of Grounds One and Seven resulted in a decision that is contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or that the decisions were based on an unreasonable determination of the facts in light of the evidence presented was debatable or wrong.

In Ground Six Petitioner asserts that his argument that the State failed to present evidence inconsistent with the reasonable hypothesis of innocence that he killed his wife in the heat of passion and without meditation was meritorious. This sufficiency of the evidence claim was presented to and rejected by the state district court on direct appeal. Petitioner's sister testified that a few weeks before the murder, she spoke with Petitioner and he stated in pertinent part "maybe I'll just kill myself and [the victim]." Evidence indicated that Petitioner chased the victim into the bedroom where she cowered in a corner between the bed and the wall as she tried to fend off the knife blows, that Petitioner cut the telephone jack out of the wall in the dining area to prevent the victim from calling for help, and Petitioner had moved around the house after the attack and waited approximately 10 hours before summoning help. Also, it was the State's position that the number and location of stab wounds on the victim's body constituted compelling evidence of Petitioner's premeditated

intent. Viewing the evidence in the light most favorable to the State, a rational juror "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The Court finds that reasonable jurists would not find this Court's determination that Petitioner did not demonstrate that the adjudication of this claim resulted in a decision that is contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or that the decision was based on an unreasonable determination of the facts in light of the evidence presented, debatable or wrong. Petitioner's request for a COA on Ground Six is denied.

In Ground Four Petitioner asserts that he was denied effective assistance of counsel when his attorney failed to pursue plea negotiations. He argues that it is debatable whether or not the State prepared a sentencing scoresheet for the charge of manslaughter, and if the State did prepare the scoresheet, a reasonable interpretation would be that the State prepared the scoresheet because it was amenable to entering into plea negotiations.

Petitioner did not produce the alleged scoresheet and did not establish that a plea offer, formal or informal, was made by the State. He did not show that the prosecutor would have offered a plea, that the court would have approved it, and that he would have accepted it. *See Jewson v. Crosby*, 2005 WL 1684209, at *16 (N.D. Fla. 2005)(petitioner could not prove prejudice because the evidence showed that the state had made no plea offers or exhibited any inclination to plea bargain) (*citing McClenithan v. Dugger,* 767 F.Supp. 257,

258 (M.D. Fla.1991)); *Zamora v. Wainwright,* 637 F.Supp. 439, 443 (S.D. Fla. 1986). Petitioner did not come forth with objective evidence showing that but for his counsel's errors he would have accepted a plea offer. *Diaz v. United States,* 930 F.2d 832, 835 (11th Cir. 1991); *Toro v. Fairman,* 940 F.2d 1065, 1068 (7th Cir. 1991). Trial counsel could not communicate to Petitioner an offer that did not exist, nor could he force the State to enter into plea negotiations. The Court finds that reasonable jurists would not find that this Court's determination of this issue debatable or wrong, and, accordingly, Petitioner's request for a COA on Ground Four is denied.

ACCORDINGLY, the Court **ORDERS** that Petitioner's Request for Certificate of Appealability (Dkt. 33) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 14, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Petitioner/Counsel of Record

SA: sfc